UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
Case No. _____

**STAN ANTONUK and MONIQUE ANTONUK,**
individuals,

        Plaintiffs,

v.

**KRISTI MITCHELL, SCOTT MITCHELL,
JOHN LINDEN,** and **MELISSA LINDEN,**
individuals,

        Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL
## WITH DAMAGES, INJUNCTIVE AND OTHER RELIEF SOUGHT

Come now Plaintiffs Stan Antonuk and Monique Antonuk, by counsel, and for and in support of their claim against Defendants Kristi Mitchell, Scott Mitchell, John Linden, and Melissa Linden (collectively referred to herein as "Defendants"), state as follows upon actual knowledge with respect to themselves and their own acts and upon information and belief as to all other matters.

### PARTIES

1. Stan Antonuk and Monique Antonuk are citizens of the state of New York.

2. Stan Antonuk earned a B.S. degree in Electrical and Computer Engineering from Clarkson University in Potsdam, New York and an M.B.A. from Le Moyne College in Syracuse, New York. He has over 20 years' experience in leadership positions in engineering, technology, and operations for large public companies like

National Grid, InterActive Corporation and HSN Interactive, LLC, for which he served as the Vice President of Technology & Operations.

3. Monique Antonuk graduated from Potsdam University with a B.A. degree in Elementary Education and began her career teaching Kindergarten at Child Time School in Syracuse, New York before putting her career on hold to raise her two young children. She has been an active volunteer at both Brooker Creek Elementary School and Guardian Angels Catholic School in Florida.

4. Defendants John Linden and Melissa Linden are citizens of the state of California.

5. Defendants Kristi Mitchell and Scott Mitchell are citizens of the state of Florida.

6. The individual Defendants are involved in the business of the Internet, resided in the state of Florida at the time of the perpetration of the attacks and the genesis and creation of the conspiracy, and regularly conduct business within the state of Florida.

## **NATURE OF THE CASE**

7. This is an action to recover damages and obtain other relief caused by the Defendants' ongoing and extensive campaign beginning in June 2008 and continuing until today in which the Defendants have joined together as conspirators, and agents for each other, and conspired together with a common intent and agreement to defame, disparage, and impersonate the Antonuks for the sole purpose of harassing, intimidating, and destroying Stan and Monique Antonuk's professional, personal, and family lives.

8. The Defendants' misconduct includes extensive hacking and unauthorized access, identity theft and impersonation, defamation, conspiracy, and intentional, malicious, and outrageous verbal attacks and threats against the Plaintiffs and their family.

9. This action is brought under common law defamation, conspiracy, and intentional infliction of emotional distress causes of action. This lawsuit is also brought pursuant to the federal Computer Fraud and Abuse Act.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and the claims herein are between citizens of the state of New York and citizens of the states of Florida and California. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367 based on the civil action arising under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

11. This Court has personal jurisdiction over the Defendants because the Defendants knowingly targeted the Plaintiffs within this Court's jurisdiction, caused injury and damage to the Plaintiffs within this Court's jurisdiction, unlawfully accessed computers from, and within, this Court's jurisdiction, reside within this Court's jurisdiction, were physically located within this Court's jurisdiction while perpetrating much of the misconduct and unlawful acts alleged herein, regularly carry on and conduct business within this Court's district, and were citizens residing within this Court's district during the perpetration of the misconduct.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## FACTS

13. Defendants have conspired together, and acted in concert and as agents for each other, with the malicious intent to disparage, defame, harm, and terrorize Stan Antonuk and his wife, Monique Antonuk. Stan Antonuk assumed the position of acting Chief Executive Officer of a publicly traded company in April 2008. Monique Antonuk is a school teacher who was a stay-at-home mom caring for the Antonuk's two young children at the time. The four Defendants were all employees of the publicly traded company in executive positions and were either terminated or resigned under pressure at or about the time the Board of Directors appointed Mr. Antonuk to serve as acting CEO.

14. Within sixty days of the first wave of these Defendants leaving employment of the publicly traded company "Kowabunga! Inc.," the Defendants initiated a campaign that continues until this day of unrelenting false, defamatory attacks against both Mr. and Mrs. Antonuk.

15. The scope and extent of the attacks against the reputation of the Plaintiffs began with the launch of a blog on the Google blog platform on June 10, 2008 and the blog contained false claims that the Antonuks were involved in computer fraud, software theft, software piracy, and home-based sex parties in their new upscale family-oriented neighborhood near Tampa, Florida. Over the ensuing six months, the Defendants posted comments on high profile websites claiming that both Stan and Monique Antonuk were "accused of obscene pornography and operating a prostitution ring." Other comments during this time from the Defendants falsely claim that Stan Antonuk was running a

prostitution ring endangering children out of his home. The Defendants linked to these false blogs on neighborhood forums and claimed that the Antonuks were "well known for promoting home-based sex parties that encourage wife swapping" and other deviant activities.

16. The Defendants subsequently launched a blog in the name of the Antonuk's residential neighborhood, made it appear to be a legitimate online forum and news service for the neighborhood, and reported that Stan Antonuk was "accused of prostitution" and associated him with high profile pornographers recently sentenced to prison in Florida. During the same time frame, on approximately July 22, 2008, Defendants created a false "Craigslist" ad that lured a strange man into the neighborhood in the evening hours to a neighbor's address on the Antonuk's street in order to further the impression that undesirable, unknown individuals were seeking out the Antonuks and loitering in their community. This had the effect of creating an atmosphere, coupled with the extensive online false and defamatory accusations, of fear in the community that the Antonuks were creating a potentially predatory environment and families within the neighborhood became concerned for the welfare of their children. Thereafter, on August 8, 2008, the Defendants created a newsletter labeled the "Lansbrook Times" which was distributed through the US Postal Service to every house in the Antonuk's neighborhood, and by its appearance was a legitimate, high quality neighborhood newsletter. A prominent article in the fake newsletter falsely reported that the Antonuks were operating a sex business with underage children out of their own residence.

17. On September 11, 2008 the Defendants hacked into Stan Antonuk's Hotmail account and sent a mass email to all of his contacts in his email address book with links to the seven most egregious defamatory online properties the Defendants had launched or published.

18. On October 12, 2008 the Antonuks received an email from the Defendants using a pseudonym which laid out a detailed and planned campaign to attack the Antonuks online beginning on October 14, 2008 and continuing through the end of the year. The email threatened the launch of 12 additional attack websites, blogs, and postings.

19. Beginning in November 2009, as other online attacks were emanating directly from the Defendants, the Defendants impersonated Stan Antonuk and opened personal profile and personal reputation pages on popular websites. These profiles contained extensive information that made it appear as if Stan Antonuk was involved in the unlawful and illegal misconduct the Defendants had falsely claimed. Blogs continued to be launched throughout 2009 and into January 2010, all of which were defamatory, and alleged that Mr. Antonuk was guilty of sexual harassment, embezzlement, the operation of a prostitution ring from his home in the Lansbrook neighborhood of Palm Harbor, Florida, and other outrageous and false claims, all published by the Defendants.

20. On February 2, 2010 Defendants launched fake Twitter accounts in the name of Stan and Monique Antonuk containing false and defamatory information for the purpose of propagating even more extensively the attacks on the reputations of the Plaintiffs. The fake Twitter accounts showed their personal profiles as being swingers,

pornographers, nudists, and active in the North American Man/Boy Love Association. To escalate the Plaintiffs' mental torture, both of the Antonuks received requests from the Defendants to be added to the Antonuks' legitimate Twitter accounts as "followers."

21.     Stan Antonuk was eventually forced to resign his position as acting CEO, sell his home due to a veritable neighborhood uprising against the Antonuks, and move out of the state of Florida and to New York state. He has only recently found a job at a far reduced level of responsibility. Due to the attacks, Mrs. Antonuk is unable to work. While the Antonuk family has remained physically intact, they have endured a reversal of fortune so profound as to cause great financial loss and hardship and have undergone, and continue to undergo, serious emotional and psychological scarring and injury.

22.     Over the past year and a half, Defendants have launched blogs containing fabricated and false factual claims, posted anonymous false accusations on otherwise credible websites, distributed hard copy newsletters containing defamatory claims, impersonated the Antonuks on social media sites, impersonated the Antonuks on micro-blogging sites, impersonated the Antonuks on "personal reputation" websites, impersonated Stan Antonuk by email, hacked into Stan Antonuk's email account, and directed a continuing campaign of threats and intimidation against the Antonuks solely for the intentional and malicious purpose of destroying the professional and personal lives of a small family living the American dream until June 10, 2008.

23.     Defendants have created what is, in effect, an online terrorist organization focused on the utter and total destruction of Plaintiffs' mental, psychological, and physical lives, the destruction of their reputations and the destruction of their ability to

function as a family unit in our society, all as retribution for their removal from the company. The Defendants have perpetrated numerous criminal acts, including identity theft, computer hacking, cyberstalking, and other criminal offenses. The Defendants have undertaken a policy and practice of inhumane acts so odious as to constitute an attack on human dignity due to the grave humiliation and degradation of the Plaintiffs.

## FIRST CAUSE OF ACTION

### (Defamation)

24. Plaintiffs replead and restate as if herein set forth in full the allegations contained in paragraphs 1 through 23 of this Complaint.

25. The Defendants published, caused to be published, and conspired together for the purposes of publishing non-privileged false statements of fact that have caused the Plaintiffs serious damage to their reputation and otherwise.

26. Such conduct was willful, wanton, gross, outrageous, malicious, and evidenced a total disregard for the rights of the Plaintiffs.

## SECOND CAUSE OF ACTION

### (Conspiracy to Injure in Trade, Business, and Profession)

27. Plaintiffs replead and restate as if herein set forth in full the allegations contained in paragraphs 1 through 23 of this Complaint.

28. The Defendants joined together with a common cause and agreement, in concert and as agents for each other, with the intent to injure Plaintiffs in their trade, business, and profession by conspiring together to perpetrate an ongoing, online campaign of verbal assaults and identity theft by publishing false and defamatory

statements of fact, wholly created without any factual basis or merit, about Stan Antonuk and Monique Antonuk.

29. Such conduct was willful, wanton, gross, outrageous, malicious, and evidenced a total disregard for the rights of the Plaintiffs.

### THIRD CAUSE OF ACTION

### (Computer Fraud and Abuse Act)
### (18 U.S.C. § 1030)

30. Plaintiffs replead and restate as if herein set forth in full the allegations contained in paragraphs 1 through 23 of this Complaint.

31. Defendants intentionally accessed a protected computer without authorization, and as a result of such conduct, recklessly caused damage in excess of $5,000.00 within a one-year period of time from each single act, caused physical injury to the Plaintiffs, and by such conduct threatened public health and safety.

32. Such conduct was willful, wanton, gross, outrageous, malicious, and evidenced a total disregard for the rights of the Plaintiffs.

### FOURTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

33. Plaintiffs replead and restate as if herein set forth in full the allegations contained in paragraphs 1 through 23 of this Complaint.

34. Defendants acted intentionally, recklessly, and in an extreme and outrageous manner that was intended to, and did in fact, cause serious and severe distress from which the Plaintiffs have suffered severe emotional distress as a direct result of the Defendants' conduct.

35. Such conduct was willful, wanton, gross, outrageous, malicious, and evidenced a total disregard for the rights of the Plaintiffs.

## FIFTH CAUSE OF ACTION

### (Fraud)

36. Plaintiffs replead and restate as if herein set forth in full the allegations contained in paragraphs 1 through 23 of this Complaint.

37. Defendants knowingly and intentionally made a false representation of material fact with the intent for the falsity of the representation to be relied upon.

38. The false representations were made to websites in order to impersonate the Plaintiffs and also to third parties by further impersonating the Plaintiffs in email communications, the Defendants' intent was that the representation should be relied upon and believed, the recipient of the information did in fact rely on the false representations, had the absolute right to rely on such representations, and such reliance caused serious emotional and physical damages to the Plaintiffs.

39. Such conduct was willful, wanton, gross, outrageous, malicious, and evidenced a total disregard for the rights of the Plaintiffs.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs Stan Antonuk and Monique Antonuk respectfully move this Court for the following relief:

a) The entry of a Permanent Injunction that prohibits the Defendants from continuing to perpetrate the defamatory attacks, impersonations, and fraud alleged herein;

b) The entry of a Permanent Injunction requiring all websites and online properties on which the Defendants have perpetrated the scheme and personal defamatory attacks and impersonations as alleged herein to remove all such information;

c) The entry of an award of compensatory damages in an amount to be determined at trial, but not less than the sum or value specified by 28 U.S.C. § 1332.

d) The award of punitive damages in an amount to be determined at trial;

e) The award of attorneys' fees to the Plaintiffs;

f) The award of all court costs and related expenses to the Plaintiffs; and

g) Such other and further relief as this Court deems proper and just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Local Rule 1.06(a), Plaintiff demands that this action be tried to a jury composed of the maximum number permitted by law, on all issues so triable.

Dated: April 2, 2010

JAIME AUSTRICH, Esq., (Trial Counsel)
Fla. Bar No. 084565
jaustrich@slk-law.com
JASON P. STEARNS, Esq.
Fla. Bar No. 059550
jstearns@slk-law.com
Shumaker, Loop & Kendrick, LLP
Bank of America Plaza
101 East Kennedy Blvd., Suite 2800
Tampa, Florida 33602
Tel: (813) 229-7600
Fax: (813) 229-1660
Attorneys for Plaintiffs
Stan Antonuk and Monique Antonuk